**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NORBELI RUBIRAL DE GONZALEZ-MORALES,

Petitioner,

v.

WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, et al.,

Respondents.

Case No.: 3:26-cv-03475-RBM-AHG

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court are Petitioner Norbeli Rubiral de Gonzalez-Morales's ("Petitioner") Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Motion for Issuance of an Order to Show Cause ("Motion for OSC") (Doc. 5). For the reasons set forth below, the Petition (Doc. 1) is **GRANTED** and the Motion for OSC (Doc. 5) is **DENIED AS MOOT**.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, "entered the United States without inspection and was not apprehended at the border or during the inspection process." (Doc. 1 ¶¶ 4, 23.) Petitioner was later "arrested by immigration authorities inside the United States and subsequently placed in removal proceedings under 8 U.S.C. § 1229a." (*Id.* ¶ 23.) "Petitioner is currently detained in the physical custody of Respondents at the Imperial Regional Detention Facility in Calexico, California." (*Id.* ¶ 1.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims he is unlawful detained under 8 U.S.C. § 1225(b)(2), instead of 8 U.S.C. § 1226(a), without a bond hearing in violation of the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. (*See* Doc. 1 ¶¶ 20–32.) Petitioner seeks his "release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days." (*Id.* ¶ 10.) Respondents maintain their "position that Petitioner is subject to mandatory detention under § 1225(b)(2)" but "acknowledge[ ] that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)." (Doc. 8 at 1–2.) Respondents further "acknowledge the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases [and] therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (*Id.* at 2.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under § 1226(a) and is entitled to a bond hearing. *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was subject to § 1226's discretionary detention procedures and entitled to a bond hearing).

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) **within seven (7) days** of the entry of this Order, unless the noncitizen requests a continuance.
2. At the bond hearing, the noncitizen shall bear the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[1] If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, the noncitizen shall be released from Respondents' custody.
3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.
4. The Government **SHALL FILE** a status report on or before August 11, 2026 indicating whether and when Petitioner received a bond hearing and the results of that bond hearing.
5. The Motion for OSC (Doc. 5) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: July 21, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Morales Juarez v. Mullin*, Case No.: 3:26-cv-03910-RBM-BJW, 2026 WL 2076159, at *2 (S.D. Cal. July 17, 2026).